# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| RAYMOND EDWARD CHESTNUT, | : | CIVIL ACTION NO. 3:CV-13-1324 |
| --- | --- | --- |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| J. THOMAS, Warden, | : | |
| Respondent | : | |

**FILED SCRANTON MAY 30 2013 PER \_\_\_\_\_ DEPUTY CLERK**

## MEMORANDUM

Petitioner, Raymond Edward Chestnut, an inmate currently confined in the United States Penitentiary, Lewisburg ("USP-Lewisburg"), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). He challenges the deduction of moneys from his prison account for three cases he filed in the United States District Court for the District of South Carolina. Id. Specifically, Petitioner states that "only 20 percent of funds are supposed to be withdrawn from his account regardless of the number of cases or appeals an inmate has filed" and "unfortunately, prison authorities are withdrawing 60 percent of [Plaintiff's] funds." Id. Thus, Petitioner seeks "reimbursement of funds withdrawn in excess of 20 percent." Id.

## Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). See Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D. Pa. 1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that

the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Chestnut is not challenging the legality of his present incarceration, nor is he seeking speedier or immediate release from custody. Rather, he is alleging that prison officials have been erroneously deducting funds from his account. Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). Consequently, the petition will be dismissed without prejudice to any right Chestnut may have to reassert his present claims in a properly filed civil rights complaint. See Wool v. York County Prison, Civil No. 98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); Hewlitt v. Holland, Civil No. 96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the

Civil Rights Acts.").

A separate Order will be issued.

Dated: May 30, 2013

_____
United States District Judge